Mr. Kenneth W. Edwards, Esquire Northern Palm Beach County Improvement District Post Office Box 2775 Palm Beach, Florida 33480-2775
Dear Mr. Edwards:
You have asked substantially the following questions:
1. Is the Northern Palm Beach County Improvement District authorized to use the competitive bidding procedures set forth in section 255.20, Florida Statutes, in addition to those in section 298.35, Florida Statutes?
2. May the Northern Palm Beach County Improvement District use the provisions of section 255.20, Florida Statutes, to hire a managing general contractor who will, in turn, use the competitive bidding procedures in the statute to hire subcontractors to work on district projects?
In sum:
1. Sections 255.20 and 298.35, Florida Statutes, may be read together to provide direction to the Northern Palm Beach County Improvement District in competitively bidding contracts for works and improvements within the district.
2. The Northern Palm Beach County Improvement District is authorized to hire a managing general contractor utilizing the competitive bidding procedures set forth in section 255.20, Florida Statutes, the district previously having complied with the requirements of the statute for such an action.
Question One
The Northern Palm Beach County Improvement District is a drainage district organized under Chapter 59-994, Laws of Florida, as amended by Chapter 89-462, Laws of Florida. Pursuant to provisions of the enabling legislation, the district is subject to the provisions of Chapter 298, Florida Statutes, relating to drainage and water control.[1] The district is recognized as an independent special district within the scope of Chapter 189, Florida Statutes, by the Department of Community Affairs.
It is the general rule with regard to competitive bidding by public agencies that, in the absence of any legislative requirements regarding the method of awarding public contracts, public officers may exercise reasonable discretion, and a con-tract may be made by any practicable method that will safeguard the public interest.[2] The statutory directive to the Northern Palm Beach County Improvement District to use competitive bidding is contained in section 298.35, Florida Statutes.
With regard to the building, construction, excavation, and completion of all works and improvements necessary to "the plan of reclamation," section 298.35, Florida Statutes, provides, in part, that the board of supervisors of the district may, at its discretion, let the contract for such works and improvements, either as a whole or in sections. When such contracts are let they shall be advertised and let to the lowest and best bidder. The contract must be in writing, and complete plans and specifications of the work to be done and improvements to be made under such contract must be attached and made a part of the contract. These plans and specifications must be prepared by the chief engineer and shall be incorporated in, and attached to, the contract. The contract must be prepared by the attorney for the district and approved by the board of supervisors and signed by its president and the contractor, and executed in duplicate.
Thus, the board of supervisors is given the discretion to bid out all construction contracts for works and improvements of the district and, if the decision is made to bid these contracts, they must be awarded to the lowest and best bidder. Nothing in this section or elsewhere in Chapter 298, Florida Statutes, or the district's enabling legislation makes this procedure the exclusive method for letting contracts for works and improvements.[3]
Rather, section 298.35, Florida Statutes, appears to represent a minimum procedure to which supplementary requirements may be added by the special district.
Section 255.20, Florida Statutes, requires counties, municipalities, special districts as defined in chapter 189, or other political subdivisions of the state that are seeking to construct or improve public construction works to competitively award these projects.[4] Such projects must be competitively awarded to a licensed contractor when the project is estimated to have construction costs of more than $200,000. The term "competitively award" is defined to mean "to award contracts based on the submission of sealed bids, proposals submitted in response to a request for proposal, proposals submitted in response to a request for qualifications, or proposals submitted for competitive negotiation."[5] The statute expressly allows contracts for construction management services, design/build contracts, continuation contracts based on unit prices, "and any other contract arrangement with a private sector contractor permitted by any applicable municipal or county ordinance, by district resolution, or by state law."[6] Exceptions to the stat-ute are recognized for emergency situations.[7]
Section 255.20, Florida Statutes, contains more specific provisions relating to competitive bids for public construction contracts undertaken by special districts than does section 298.35, Florida Statutes. As discussed above, section 255.20
recognizes a threshold amount and expressly authorizes certain kinds of contract arrangements with private sector contractors. It also makes provision for emergency situations in which competitive bids may pose a danger to the public safety or health or an interruption of essential governmental services. In short, when the two statutes are read together, section 255.20, Florida Statutes, adds depth to the requirements of section 298.35, Florida Statutes.
Therefore, it is my opinion that sections 255.20 and 298.35, Florida Statutes, may be read together to provide direction to the Northern Palm Beach County Improvement District in competitively bidding contracts for works and improvements within the district.
Question Two
You also ask whether the Northern Palm Beach County Improvement District may use the provisions of section 255.20, Florida Statutes, to hire a managing general contractor who will, in turn, use the competitive bidding procedures in the statute to hire subcontractors to work on district projects.
Section 255.20(1), Florida Statutes, provides:
This subsection expressly allows contracts for construction management services, design/build contracts, continuation contracts based on unit prices, and any other contract arrangement with a private sector contractor permitted by any applicable municipal or county ordinance, by district resolution, or by state law. (e.s.)
Thus, section 255.20, Florida Statutes, clearly authorizes a special district to enter into other types of contractual arrangements with private contractors pursuant to a resolution of the district. Information you have supplied indicates that the district passed such a resolution in January 1996, authorizing the use of competitive award methodologies under section 255.20, Florida Statutes, to secure contracts for "managing general contractors."[8]
Therefore, in light of my response to Question One and the adoption of a district resolution providing for such action, the district is authorized to employ a managing general contractor using the competitive bid procedures set forth in section 255.20, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 2, Ch. 59-994, Laws of Florida.
[2] See, e.g., Ops. Att'y Gen. Fla. 93-28 and 93-83 (1993) and the cases cited therein.
[3] Cf., s. 2, Ch. 89-462, Laws of Florida, which recognizes the applicability of a number of laws to the district: "[i]n addition to the powers provided for in chapter 59-994, Laws of Florida, as amended, chapter 298, Florida Statutes, and other applicable laws, Northern Palm Beach County Water Control District shall have the following powers. . . ." (e.s.)
[4] Section 255.20(1), Fla. Stat. (1995). But see, s. 2, Ch. 94-175, Laws of Florida, which provides that "[t]his act does not apply to any project that is permitted and for which construction actually begins before October 1, 1995."
[5] Section 255.20(1), Fla. Stat. (1995).
[6] Id.
[7] Section 255.20(1)(a)1., Fla. Stat. (1995).
[8] See, Resolution of the Board of Supervisors of Northern Palm Beach County Improvement District Adopting Alternative Construction Methodologies, Bidding Procedures and Letting of Contracts, passed and adopted January 24, 1996.